# IN THE CHANCERY COURT OF PUTNAM COUNTY, TENNESSEE, AT COOKEVILLE

RONALD D. FRANKLIN,  )
    PLAINTIFF,  )
                          )
v                            )
                          )
CITY OF COOKEVILLE, TENNESSEE;)
ROBERT TERRY, Individually and in  )
his official capacity as Chief of Police  )
of the City of Cookeville Police  )
Department;  )
and JIM SHIPLEY, In his Official  )
Capacity as City Manager for the City of )
Cookeville, Tennessee;  )
    DEFENDANTS.  )

CASE NO. 2012-29

**JURY DEMANDED**

FILED 2-1 20 12
TIME 3:16 pm
LINDA F. REEDER, CLERK & MASTER
BY _____
DEPUTY CLERK & MASTER

## COMPLAINT

    **COMES NOW** the Plaintiff, by and through his attorney of record and for causes of action against the Defendants, both jointly and severally, would respectfully state as follows:

## INTRODUCTION

    Plaintiff, Ronald D. Franklin, by and through counsel, brings this cause of action pursuant to the Tennessee Human Rights Act (Tennessee Code Annotated § 4-21-101 et seq), Common Law Retaliation, 42 U.S.C. § 1981 and § 1983, the First and Fourteenth Amendments of the United States Constitution. The following facts will show that Defendants have engaged in unlawful retaliation and discrimination of Plaintiff.

    For his cause of action against the Defendants, both jointly and severally, Plaintiff states the following:

EXHIBIT

## PRELIMINARY STATEMENT

This is an action for declaratory judgment, damages and injunctive relief, based upon the discriminatory practices of Defendants in regard to the discipline of Plaintiff. Plaintiff was a police officer employed by Cookeville City Police Department of Cookeville, Tennessee. Plaintiff seeks to restrain Defendants from maintaining a policy, practice, custom, or usage of a conspiracy to unlawfully deprive Plaintiff of equal protection of the laws with respect to promotion, wages, and other terms and conditions of employment. This Complaint seeks restitution, including promotion, which is representative of all rights, privileges, benefits, and income that would have been received by Plaintiff but for Defendants' unlawful and discriminatory practices. Plaintiff further seeks compensatory damages for deprivation of rights, mental and emotional suffering, and punitive damages.

Further, Plaintiff would ask that this Honorable Court declare that the policy of the City of Cookeville concerning tape recording of employees is unconstitutional and illegal.

Further, that Plaintiff's dismissal for the use of derogatory language deprives him of his protection under the First Amendment to the United States Constitution and the State of Tennessee.

Further, that the appeal process of the City of Cookeville violates the due process clause of the Fourteenth Amendment to the United States Constitution

## JURISDICTION

The jurisdiction of this Court and venue are established, as all acts complained of herein occurred in Putnam County, Tennessee, and within one (1) year of the filing of this Complaint.

## PARTIES

1.    Plaintiff Ronald D. Franklin is a 49-year-old adult male Caucasian resident of Cookeville, Putnam County, Tennessee, and an Iraq war veteran.

2.    Defendant, City of Cookeville, Tennessee, is a governmental entity organized under the laws of the State of Tennessee and known as a City and acts through its elected City Council and Mayor. The City Council hired Defendant, Jim Shipley, to be the chief administrative officer of the City of Cookeville. The City of Cookeville is the public employer of the officers of the City of Cookeville and responsible for establishing rules and policies for the City of Cookeville. The City of Cookeville, Tennessee, has a Municipal Charter, Municipal Code, and also a Personnel Rules and Regulations, all of which apply to the Mayor, Councilman, Police Department and Police Officers.

3.    Defendant, Robert Terry ("Terry"), was at all times referred to in this Complaint the Chief of Police for the City of Cookeville, Tennessee, and he is responsible for the hiring, firing, and training of his officers, and for establishing policy. He is being sued in his individual and official capacities.

## PRIOR EVENTS LEADING UP TO THE FILING OF THIS COMPLAINT

4.      That prior to Plaintiff's termination on February 1, 2011, Ronald D. Franklin was an employee of the City of Cookeville Police Department for approximately twenty-one (21) years.

5.      That during Plaintiff's employment with the City of Cookeville Police Department, in the year 2004, Plaintiff was deployed to Iraq as a member of the Army.

6.      That while Plaintiff was in Iraq, he was passed over for two promotions for which he was qualified.

7.      That Plaintiff served in Iraq until August 2005, when he returned to Cookeville for a short time while on leave.

8.      That while Plaintiff was working with the City of Cookeville Police Department during his leave from Iraq, he discussed the issue of two new detective positions becoming open with Captain Nathan Honeycutt. Captain Honeycutt asked Plaintiff if he was interested in one of the two new detective positions to which Plaintiff replied in the affirmative. Chief Terry then told Plaintiff, "There is one of the men for the job".

9.      That the following day, Plaintiff was sent back to Iraq to finish his deployment.

10.     That the two new detective positions were posted in September 2005. There were no promotional tests or interviews given. Plaintiff later learned that the two new detective positions were given to other officers.

11.     That in November 2005, Plaintiff returned to the United States and processed out of the Army and returned home.

12.     That upon his return home, Plaintiff went back to his employment at the City of Cookeville Police Department.

13.     That Plaintiff confronted Chief of Police Robert Terry about the two detective positions he had discussed in August 2005.

14.     That Terry told Plaintiff that the other two officers who were chosen for the detective positions would "fit in better" and that seniority did not mean a great deal at the City of Cookeville Police Department.

15.     That at no time was Plaintiff ever allowed to compete for either of the aforementioned detective positions.

16.     That Plaintiff contacted the Employer Support of the Guard and Reserve ("ESGR") about being passed up for these two detective positions.

17.     That the ESGR contacted Chief Terry to explain Plaintiff's situation. Chief Terry then informed Plaintiff that he would be the first officer considered for an upcoming open narcotics officer position.  Shortly after Plaintiff was told this, Chief Terry removed the position of narcotics officer from the organizational board of the police department.

18.     That again Plaintiff contacted ESGR about again being passed up for a position.  During this time, Plaintiff also filed an internal grievance with the Cookeville City Police Department about being repeatedly denied promotions due to his deployment to Iraq and his service in the armed forces.

19.     That after an internal investigation of Plaintiff's grievance, he was allowed to take the patrol sergeant's test in January 2007.  However, there were no openings for

that position. Plaintiff passed the written test and the interview process, but again received no promotion.

20. That in March 2007, Plaintiff was informed by another officer that Chief Terry had made known his intent not to promote Plaintiff because of his complaint to the ESGR.

21. That in May 2007, a detective position became open and applications were taken at the City of Cookeville Police Department. This detective position did not require a written test or an interview. A female officer with less seniority and less qualifications than Plaintiff was promoted to this position.

22. That again in June 2007, two patrol sergeant positions became open and officers were allowed to apply for the promotion. Plaintiff was qualified for these positions and again passed the written test and the interview, but was passed over for two officers with less seniority.

23. That because of being passed over for numerous promotions, Plaintiff filed a lawsuit against the City of Cookeville, the City of Cookeville Police Department, and Police Chief Robert Terry in the United States District Court for the Middle District of Tennessee. (Case No. 2:08-cv-0012)

24. That lawsuit 2:08-cv-0012 was dismissed in January 2009.


## FACTS COMMON TO ALL CLAIMS

25. That on or about the morning of January 29, 2011, Plaintiff was in roll call at the City of Cookeville Police Department.

26.     That before roll call actually began, Plaintiff made a derogatory remark about Sergeant Weikert and that everyone in the room laughed.

27.     That after roll call, Sergeant Harrington sent a text message to Captain Lee asking Captain Lee to call him when he could.

28.     That Captain Lee called Sergeant Harrington and Sergeant Harrington informed him of the derogatory remark made by Plaintiff during roll call.

29.     That Captain Lee told Sergeant Harrington that he would call him back in a few minutes.

30.     That Captain Lee then called Major Evans and discussed the information about Plaintiff.

31.     That Major Evans told Captain Lee that he would call Chief Terry and discuss this information with him.

32.     That Major Evans called Chief Terry and they discussed Plaintiff's actions.

33.     That Major Evans then called Captain Lee back and told him to call Sergeant Harrington to tell him to call the Plaintiff in and send him home for the day and that they would deal with him the following Monday, which was January 31, 2011.

34.     That Captain Lee then called Sergeant Harrington and told him to just have Plaintiff come in and sit there until Captain Lee could get there.

35.     That Plaintiff arrived at the police station and went to Captain Lee's office and asked him what was up. Captain Lee told Plaintiff to wait until Sergeant Harrington came in there.

36.    That Sergeant Harrington came into Captain Lee's office and Captain Lee asked Plaintiff if he was recording the meeting and Plaintiff answered in the affirmative.

37.    That Sergeant Harrington took the tape recorder, turned it off, and laid it on Captain Lee's desk.

38.    That Sergeant Harrington then told Plaintiff that he was being placed on administrative leave with pay and that they would talk about the situation on Monday, January 31, 2011.

39.    That all of Plaintiff's problems with the City of Cookeville Police Department occurred following his return from Iraq.

40.    That after the meeting, Plaintiff was sent home and Major Evans and Sergeant Harrington told him they would get back with him later that day.

41.    That Plaintiff was given a Notification of Disciplinary Action form, which recommended that he be terminated.

42.    That Plaintiff was terminated on February 1, 2011.

43.    That Plaintiff appealed his termination and the administrative appeal hearing was held on February 21, 2011.

44.    That Chief Terry upheld Plaintiff's termination.

45.    That Plaintiff then appealed Chief Terry's decision to City Manager Jim Shipley and that hearing was held on March 30, 2011.

46.    That City Manager Jim Shipley also upheld Plaintiff's termination.

## CAUSES OF ACTION

## UNEQUAL PROTECTION UNDER THE LAW

47.     Plaintiff adopts and incorporates by reference herein, Paragraphs 1 through 46 of this Complaint.

48.     That other officers with the City of Cookeville Police Department have been investigated for worse actions than what Plaintiff done and they were either never disciplined or received less strict discipline action than Plaintiff.

49.     That City of Cookeville Police Officer Donna Revis was found guilty of insubordination for an inappropriate remark and she was not terminated.

## CLAIMS FOR RELIEF

50.     Plaintiff adopts and incorporates by reference herein, Paragraphs 47 through 49 of this Complaint.

51.     Plaintiff seeks relief under the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.), as Plaintiff was treated differently than his coworkers.

52.     Plaintiff alleges that he has been the victim of Common Law Retaliation for filing a lawsuit against the Cookeville City Police Department in January 2008.

53.     Plaintiff also alleges due process and other violations of 42 U.S.C. § 1981 and § 1983, and violation of the First and Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court grant relief against each of the Defendants, individually, separately, and/or jointly, as follows:

1. That proper process issue and be served upon Defendants and they be required to appear and answer within the time required by law.

2. Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory, constitutional, and legal obligations, and deprived the Plaintiff of his rights, privileges, protections, compensation, and entitlements under law and Constitution, as alleged herein.

3. Award Plaintiff monetary damages in the form of back pay compensations, unpaid entitlements, benefits, plus pre-judgment and post judgment interest.

4. Award Plaintiff compensatory damages payable by the Defendants and punitive damages payable by the individual Defendants, for the violations of Plaintiff's rights and the harm to his reputation, humiliation, emotional and mental anguish, and for other financial and consequential harm and injuries he has suffered.

5. Award Plaintiff reasonable attorney's fees and the costs and disbursements of this action.

6. Grant such legal and equitable relief as may be just and proper including, but not limited to, removing any reference to Plaintiff's termination from his personnel file and from the Peace Officers and Training Commission (POST).

7. That he be awarded a judgment against the Defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury as

reasonable and for all such further relief, both general and specific, to which they may be entitled under the premises. While the Plaintiff objects to placing a specific sum of money on his damages, to the extent that a specific demand for a sum of money is required to be requested in the Complaint, the amount should not exceed two hundred fifty thousand dollars ($250,000.00).

8.    That he be awarded a judgment in the amount of five hundred thousand dollars ($500,000.00) in punitive damages against the Defendants, both jointly and severally.

9.    A JURY IS RESPECTFULLY DEMANDED TO TRY ALL ISSUES ONCE JOINED.

Constitutionally submitted this the 1st day of February 2012,


RONALD D. FRANKLIN
Plaintiff


RICHARD M. BROOKS, #4308
ATTORNEY FOR PLAINTIFF
130 Third Avenue West
P. O. Box 255
Carthage, TN 37030
Phone: (615) 735-0807
Fax: (615) 735-1921
Email: utkrmb@comcast.net

I am surety for the cost of this cause.

RICHARD M. BROOKS

# State of Tennessee
## Chancery Court of Putnam County, Tennessee

RONALD D. FRANKLIN,
  PLAINTIFF,

v.

CITY OF COOKEVILLE, TENNESSEE;
ROBERT TERRY, Individually and In His
Official Capacity as Chief of Police of the City
of Cookeville Police Department; and
JIM SHIPLEY, In His Official Capacity as
City Manager for the City of Cookeville,
Tennessee;
  DEFENDANTS.

SUMMONS

CASE NO. _2012-29_

To the above named Defendant:
  **COOKEVILLE CITY MANAGER JIM SHIPLEY**
  **Cookeville City Hall**
  **45 East Broad Street**
  **Cookeville, Tennessee 38501**

You are hereby summoned and required to serve upon **Plaintiff's Attorney, <u>Richard M. Brooks,</u>** whose address is <u>**130 Third Avenue West, Carthage, Tennessee 37030,**</u> an answer to the complaint which is herewith serve upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this Court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.
  Issued this 1st day of February 2012.

FILED 2-9 20 12
TIME 5:10 P.m
LINDA F. REEDER, CLERK & MASTER
BY *Cathy Rodgea*
DEPUTY CLERK & MASTER

LINDA REEDER, CLERK & MASTER

By: _Cynthia Pullum_
  DEPUTY CLERK

Received this _____ day of February 2012.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20____, at _____ o'clock AM/PM, I served this summons together with a copy of the Complaint herein as follows: By personal service on _____ and left a copy of the summons, complaint and temporary injunction with same.

_____
SHERIFF – DEPUTY SHERIFF

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the 3rd day of February, 20 12, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in Case No. 2012-29, to the Defendant, **COOKEVILLE CITY MANAGER JIM SHIPLEY**, and the 7th day of February, 20 12, I received the return receipt for said registered or certified mail which had been signed by Michelle D. Young on the 6th day of February, 20 12, and said return receipt is attached to this original summons to be filed by the Circuit Court.

*Richard M. Brooks*
**ATTORNEY**

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS 7th DAY OF February, 20 12.

Signature of: X Notary Public or _____ Deputy Clerk

*Michaella Ann Goad*

MY COMMISSION EXPIRES: 1/11/16

MICHAELLA ANN GOAD
STATE OF TENNESSEE NOTARY PUBLIC
SMITH COUNTY

## CERTIFICATION (IF APPLICABLE)

I, Linda Reeder, Clerk and Master in the State of Tennessee, Putnam County, do certify this to be a true and correct copy of the original summons issued in this case.

_____
CLERK AND MASTER

By: _____
        DEPUTY CLERK

## NOTICE

**To the Defendant(s): 26-203 PROCEDURE FOR EXERCISING EXEMPTION**

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Michelle Dixon_    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

1. Article Addressed to:

City Manager Jim Shipley
Cookeville City Hall
45 East Broad Street
Cookeville, Tennessee 38501

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7005 3110 0004 3694 1190

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# State of Tennessee
## Chancery Court of Putnam County, Tennessee

RONALD D. FRANKLIN,
    PLAINTIFF,

SUMMONS

CASE NO. *2012-29*

v.

CITY OF COOKEVILLE, TENNESSEE;
ROBERT TERRY, Individually and In His
Official Capacity as Chief of Police of the City
of Cookeville Police Department; and
JIM SHIPLEY, In His Official Capacity as
City Manager for the City of Cookeville,
Tennessee;
    DEFENDANTS.

To the above named Defendant:      **CHIEF ROBERT TERRY**
**COOKEVILLE POLICE DEPARTMENT**
**10 East Broad Street**
**Cookeville, Tennessee 38501**

You are hereby summoned and required to serve upon **Plaintiff's Attorney, <u>Richard M. Brooks,</u>** whose address is **<u>130 Third Avenue West, Carthage, Tennessee 37030,</u>** an answer to the complaint which is herewith serve upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this Court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

    Issued this 1st day of February 2012.

FILED *2-9* 20*12*
TIME *2:10 P.M.*
LINDA F. REEDER, CLERK & MASTER
BY *Cathy Rogers*
DEPUTY CLERK & MASTER

LINDA REEDER, CLERK & MASTER

By: _____
        DEPUTY CLERK

Received this _____ day of February 2012.

----

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20____, at _____ o'clock AM/PM, I served this summons together with a copy of the Complaint herein as follows: By personal service on _____ and left a copy of the summons, complaint and temporary injunction with same.

_____
SHERIFF – DEPUTY SHERIFF

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _3rd_ day of _February_, 20_12_, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in Case No. _2012-29_, to the Defendant, **CITY OF COOKEVILLE POLICE CHIEF ROBERT TERRY**, and the _7th_ day of _February_, 20_12_, I received the return receipt for said registered or certified mail which had been signed by _Nadine Shera_ on the _6th_ day of _February_, 20_12_, and said return receipt is attached to this original summons to be filed by the Circuit Court.

_(signature)_
**ATTORNEY**

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _17th_ DAY OF _February_, 20_12_.

Signature of: __X__ Notary Public or _____ Deputy Clerk

_Michaella Ann Goad_

MY COMMISSION EXPIRES: _1/11/16_

_(Notary seal: MICHAELLA ANN GOAD, STATE OF TENNESSEE, NOTARY PUBLIC, SMITH COUNTY)_

### CERTIFICATION (IF APPLICABLE)

I, Linda Reeder, Clerk and Master in the State of Tennessee, Putnam County, do certify this to be a true and correct copy of the original summons issued in this case.

CLERK AND MASTER

By: _____
　　　　DEPUTY CLERK

### NOTICE

**To the Defendant(s): 26-203 PROCEDURE FOR EXERCISING EXEMPTION**

**Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Nadine Shea_ ☑ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
_Nadine Shea_    2-6-12

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Police Chief Robert Terry
Cookeville Police Department
10 East Broad Street
Cookeville, Tennessee 38501

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered      ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 3110 0004 3694 1183

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# State of Tennessee
## Chancery Court of Putnam County, Tennessee

RONALD D. FRANKLIN,
    PLAINTIFF,

    v.

CITY OF COOKEVILLE, TENNESSEE;
ROBERT TERRY, Individually and In His
Official Capacity as Chief of Police of the City
of Cookeville Police Department; and
JIM SHIPLEY, In His Official Capacity as
City Manager for the City of Cookeville,
Tennessee;
    DEFENDANTS.

SUMMONS

CASE NO. 2012-29

To the above named Defendant:    **CITY OF COOKEVILLE, TENNESSEE**
    **c/o CITY ATTORNEY DANIEL H. RADER III**
    **46 North Jefferson Avenue**
    **Cookeville, Tennessee 38501**

You are hereby summoned and required to serve upon **Plaintiff's Attorney, Richard M. Brooks,** whose address is **130 Third Avenue West, Carthage, Tennessee 37030,** an answer to the complaint which is herewith serve upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this Court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.
    Issued this 1st day of February 2012.

LINDA REEDER, CLERK & MASTER

FILED 2-9 2012
TIME 2:10 P.m
LINDA REEDER, CLERK & MASTER
BY Cathy Fodgen
DEPUTY CLERK & MASTER

By: _Cynthia Pullum_
    DEPUTY CLERK

Received this _____ day of February 2012.

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20_____, at _____ o'clock AM/PM, I served this summons together with a copy of the Complaint herein as follows: By personal service on _____ and left a copy of the summons, complaint and temporary injunction with same.

SHERIFF – DEPUTY SHERIFF

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _3rd_ day of _February_, 20 _12_, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in Case No. _2012-29_, to the Defendant, **CITY OF COOKEVILLE, TENNESSEE**, and the _7th_ day of _February_, 20 _12_, I received the return receipt for said registered or certified mail which had been signed by _Shawna Jared_ on the _6th_ day of _February_, 20 _12_, and said return receipt is attached to this original summons to be filed by the Circuit Court.

_Richard M. Brooks_
**ATTORNEY**

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS _7th_ DAY OF _February_, 20 _____.

Signature of: _X_ Notary Public or _____ Deputy Clerk

_Michaella Ann Goad_

MY COMMISSION EXPIRES: _1/11/14_

MICHAELLA ANN GOAD
STATE
OF
TENNESSEE
NOTARY
PUBLIC
SMITH COUNTY

## CERTIFICATION (IF APPLICABLE)

I, Linda Reeder, Clerk and Master in the State of Tennessee, Putnam County, do certify this to be a true and correct copy of the original summons issued in this case.

_____
CLERK AND MASTER

By: _____
DEPUTY CLERK

## NOTICE

**To the Defendant(s): 26-203 PROCEDURE FOR EXERCISING EXEMPTION**

**Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Cookeville, Tennessee
c/o City Atty. Daniel H. Rader III
46 North Jefferson Avenue
Cookeville, Tennessee 38501

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7005 3110 0004 3694 1176

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540